# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VINCENT R. NEWBY,

    Petitioner,

v.

GERALD ROZUM, *Superintendent*, and
PENNSYLVANIA STATE ATTORNEY
GENERAL,

    Respondents.

NO. 3:07-CV-01352

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is Petitioner Vincent R. Newby's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Pet., Doc. 1.) For the reasons stated below, the Petition will be dismissed for lack of subject matter jurisdiction.

## **BACKGROUND**

On July 20, 2005, Petitioner was sentenced in York County, Pennsylvania to a sentence of between two and one-half (2.5) and five (5) years based on convictions for involuntary manslaughter and possession of an unlicensed firearm. (Pet. 1 ¶¶ 1-3.) On June 7, 2006, the Superior Court of Pennsylvania affirmed the judgment of conviction, and the Supreme Court of Pennsylvania denied the petition for allowance of appeal on December 5, 2006. (*Id.* ¶ 9.) He is currently incarcerated at S.C.I. Somerset in Somerset, PA. (*Id.* at 1.)

On July 25, 2007, Mr. Newby petitioned this Court for a writ of habeas pursuant to 28 U.S.C. § 2254.

## DISCUSSION

### A. Jurisdiction

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, to invoke the jurisdiction of a federal habeas court, a petitioner must satisfy two requirements. First, the petitioner must be in custody. Here, Petitioner clearly satisfies the "in custody" requirement because he was incarcerated at S.C.I. Somerset on the date that his habeas petition was filed. *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (citing 28 U.S.C. § 2254 and *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Second, the petitioner must be held in violation of the Constitution or laws or treaties of the United States. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982). Furthermore, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." *Smith v. Horn*, 120 F.3d 400, 414 (3d Cir. 1997).

### B. Mr. Newby's Petition

In the instant petition, Mr. Newby challenges his conviction in the York County Court of Common Pleas on the following three grounds: (1) that the evidence presented

at trial was insufficient, as a matter of law, to convict him of involuntary manslaughter (Pet. ¶ 12(a)); (2) that the Commonwealth failed to present sufficient evidence to disprove Petitioner's claim of justifiable self-defense (*id*.); and (3) that the Superior Court's reliance on the case of *Commonwealth v. Correa*, 648 A.2d 1199 (Pa. Super. Ct. 1999), was erroneous when the court concluded that Petitioner provoked the series of events that led to the use of deadly force, and that Petitioner failed to retreat. (*Id*. ¶ 12.)

      Nowhere in his Petition has Mr. Newby alleged a violation of his rights under the United States Constitution or under any statute or treaty of the United States. "In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim." *Rasler v. Ricci*, Civ. A. No. 07-4994, 2007 WL 4232869, at *3 (D.N.J. Nov. 28, 2007) (citing *Withrow v. Williams*, 507 U.S. 680, 695-96 (1993) and *Baker v. Barbo*, 177 F.3d 149, 156 n.7 (3d Cir. 1999)). "Nor may the Court recharacterize a ground asserted under state law as a federal constitutional claim." *Id.* Accordingly, this Court has no subject matter jurisdiction over the instant Petition, and will dismiss it without further consideration.

      An appropriate order follows.

January 14, 2008                              /s/ A. Richard Caputo
Date                                                  A. Richard Caputo
                                                          United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VINCENT R. NEWBY, | |
| Petitioner, | NO. 3:07-CV-01352 |
| v. | (JUDGE CAPUTO) |
| GERALD ROZUM, *Superintendent*, and PENNSYLVANIA STATE ATTORNEY GENERAL, | |
| Respondents. | |

## **ORDER**

**NOW**, this 14th day of January, 2008, **IT IS HEREBY ORDERED** that:

(1) Petitioner Vincent R. Newby's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

(2) The Clerk of the Court is directed to mark this case as **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge